[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendant's Motion to Strike the Revised Third Party Complaint dated February 1, 1997, is hereby granted as to count one and denied as to count two and the corresponding prayer for relief. Count one fails to state a legally sufficient claim of negligence in that it fails to allege any injury or damage suffered by the third party plaintiff as a result of the third party defendant's alleged negligence. CT Page 7304
However, contrary to the third party defendant's assertion, count two does not seek to enforce an indemnification provision in a residential lease, which provision would be unenforceable under Sec. 47a-4 of the General Statutes. The third party plaintiff herein seeks indemnification from the third party defendant pursuant to her alleged obligation to remove snow and ice under the lease. Such a claim is legally cognizable, and therefore, the motion to strike count two and the corresponding prayer for relief is denied. See Burkert v. Petrol Plus ofNaugatuck Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
Moraghan, J.